Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HUAWEI DEVICE CO., LTD., and HUAWEI DEVICE USA, INC.,<br><br>*Defendants*. | No. 19-CR-010<br><br>**DEFENDANTS' MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL**<br><br>**NOTE ON MOTION CALENDAR:**<br>**August 9, 2019**<br><br>***ORAL ARGUMENT REQUESTED*** |

Defendants Huawei Device Co, Ltd. ("Huawei China") and Huawei Device USA, Inc. ("Huawei USA") (collectively "Huawei Device"), through counsel, hereby move this Court *in limine* under Federal Rule of Evidence 104(a) for a ruling precluding the government from introducing evidence at trial related to the allegations in paragraphs 38, 47 and 48 of the Indictment, which Huawei Device is also separately moving to strike as surplusage.  Such evidence is inadmissible under Rules 401, 402, 403 and 404(b), because it is unrelated to the charges in the Indictment, it would unfairly prejudice Huawei Device, and it would cause undue delay by requiring many "trials-within-the-trial" on entirely collateral issues.

DEFENDANTS' MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 1

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

# INTRODUCTION

The Court should preclude the government from introducing any evidence at trial regarding old civil lawsuits between different parties, a House of Representatives report, and an unrelated "bonus program" alleged in paragraphs 38, 47, and 48 of the Indictment. Evidence about those allegations is wholly irrelevant to the charges against Huawei Device. The evidence is not intrinsic to the crimes charged, because it is neither inextricably intertwined with the charges nor necessary to complete the narrative of the government's case. Rather, the evidence is pure propensity evidence prohibited by Rule 404(b). Finally, the evidence also fails the Rule 403 balancing test because its unfairly prejudicial nature far outweighs any minimal probative value; and its admission would result in mini-trials on collateral issues like the merits of the old civil lawsuits, the conclusions of a congressional report focused on national security, and the purpose of a proposed "bonus program" and whether it was ever implemented. The jury should not be exposed to any "evidence" about these irrelevant and prejudicial allegations.

# ARGUMENT

I. **Evidence of the House Report, Prior Civil Suits, and the Bonus Program Is Not Relevant.**

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also Old Chief v .United States*, 519 U.S. 172, 178 (1997) (quoting a prior version of Rule 401). In a criminal case, relevant evidence must either support proof of the elements of the charged offense or rebut relevant defenses. *See United States v. Espinoza-Baza*, 647 F.3d 1182, 1188 (9th Cir. 2011); *Todhunter, Mandava, & Assocs. v. I.C.C.I. (Holdings) Pty. Ltd.*, 1991 WL 166585, at *1 (D.D.C. Aug. 14, 1991) (holding the improper use of the statutory trademark was irrelevant to the charged fraud). Irrelevant evidence is not admissible. Fed. R. Evid. 402; *Espinoza-Baza*, 647 F.3d at 1188 (citing Fed. R. Evid. 401).

DEFENDANTS' MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 2

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

Huawei Device established in Defendants' Motion to Strike Surplusage that the allegations regarding the House of Representatives report, two old civil lawsuits, and an unrelated bonus program post-dating the alleged theft of trade secrets from T-Mobile are entirely irrelevant to the charges in this case. Ind. ¶¶ 38, 47-48. Huawei Device incorporates those arguments by reference here. Evidence relating to these allegations should be excluded from trial as irrelevant.

## II. The Court Should Preclude the Government from Introducing Evidence of the House Report, Prior Civil Suits, and the Bonus Program Pursuant to Rule 404(b).

Assuming the evidence was relevant (which it is not), evidence of the old civil lawsuits, a House report, and an unrelated "bonus program" could only be used to malign Huawei Device's character and to suggest impermissibly that, because Huawei Device allegedly engaged in other trade secrets thefts or uncharged misconduct, it is more likely to have committed the crimes charged in the Indictment. This type of inference is squarely prohibited by Rule 404(b).

### A. The Evidence Is Not Intrinsic to the Charged Offenses.

Evidence is intrinsic when it "constitutes a part of the transaction that serves as the basis for the criminal charge" or "was necessary … in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995) (overturning the district court decision to admit evidence of drug possession because it was not intrinsic to the drug manufacturing).

Here, there is nothing "intrinsic" about allegations that Huawei Device was the subject of two lawsuits years before the charged conduct or scrutinized in a one-sided politically-motivated House report. The lawsuits and House report cannot be considered "part of the charged transaction" because they occurred in 2012, 2010 and 2003—one, three and ten years prior to the

DEFENDANTS' MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 3

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

charged conduct—and involved different facts, parties[1], and individuals.  Further, these unrelated lawsuits and the House report regarding "national security issues" stemming from a variety of unproven allegations lend no context necessary to explain the charges.  Without this evidence, there is no hole in the government's account of the incidents in T-Mobile's lab, no missing piece without which the allegations will lack coherence to the jury.  The government would have no difficulty presenting its case regarding the alleged theft from T-Mobile without these unrelated and earlier incidents of alleged misconduct by other Huawei entities.  This evidence is neither part of the charged transaction nor necessary to permit the government from presenting a coherent story.  *Vizcarra–Martinez*, 66 F.3d at 1012.

Nor are allegations that Huawei Device China proposed a bonus program that was immediately repudiated by Huawei USA—two months after the alleged thefts in T-Mobile's lab—somehow part of the same episode charged in the Indictment.  The bonus memorandum allegedly was issued on July 10, 2013, months after the alleged thefts in May 2013.  Ind. ¶¶ 27-36, 47-49.  Further, there is no allegation that the alleged thefts related to or were incentivized by the alleged "bonus program" in any way.  Again, the government would have no issue presenting its case without this evidence because the alleged "bonus program" did not even exist at the time of the events in T-Mobile's lab.

B.   **The Evidence Is Impermissible Propensity Evidence.**

Rule 404(b) provides that evidence of other bad acts may not be admitted to show a propensity to commit crime.  *Huddleston v. United States*, 485 U.S. 681, 686 (1988).  "The

---

[1] Huawei Device Co., Ltd. and Huawei Device USA, Inc. are but two of many distinct and independent Huawei entities, neither of which were sued by Motorola or Cisco for allegedmisappropriation of trade secrets.  The defendants in the Cisco matter were Huawei Technologies, Co., Ltd., Huawei America, Inc. and Futurewei Technologies, Inc.  The defendants in the Motorola matter were Lemko Corporation, Huawei Technologies Co., Ltd., and multiple individuals.  Allegations against these different companies and individuals are not intrinsic to the charged offenses against Huawei Device.



exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds." *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985).  The Rule "guard[s] against the inherent danger that the admission of 'other acts' evidence might lead a jury to convict a defendant not of the charged offense, but instead of an extrinsic offense." *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007).  Where the extrinsic activity did not result in a conviction, this risk is particularly great: "the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged." *Id.* (citation and internal quotation marks omitted).

To determine the admissibility of extrinsic evidence under Rule 404(b), the Court applies a four-part test: (1) there must be a sufficient degree of evidence for the jury to find that the other acts were in fact committed; (2) the other acts evidence may be introduced only to prove a material issue in the case; (3) the other acts must not be too remote in time to the conduct charged; and (4) the other acts must be sufficiently similar to the charged conduct when they are being introduced to show intent." *United States v. DeSalvo*, 41 F.3d 505, 509 (9th Cir. 1994) (citing *United States v. Ayers*, 924 F.2d 1468, 1473 (9th Cir. 1991).  Evidence of the old civil lawsuits, the House report, and the bonus memorandum fail this test and is inadmissible under 404(b) as improper propensity evidence against Huawei Device.

**1. The evidence is insufficient to show the alleged acts were committed.**

First, there is insufficient evidence for the jury to find that the alleged other acts were committed.  The Indictment does not allege that the bad acts described in the old civil lawsuit actually occurred.[2]  Likewise, the Indictment does not allege that the inflammatory allegations in

---

[2] Indeed, with regard to the prior civil suits, the government has represented that it will present through an FBI agent a short description of the "allegations" in the suits without taking any position on whether the allegations were "meritorious."  *See* Motion to Strike Surplusage, at

DEFENDANTS' MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL
EVIDENCE AT TRIAL
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 5

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

the House report are accurate or took place. Presented with only vague and untested allegations—all of which the government purports to present through hearsay—the jury will be left to guess whether the conduct actually occurred based upon testimony from a witness without first-hand knowledge of any of the underlying facts. *See United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) ("[A] mere accusation of prior conduct is insufficient to support a finding that the prior act was committed."); *United States v. Benzer*, No. 2:13-CR-18 JCM GWF, 2014 WL 6747151, at *4 (D. Nev. Dec. 1, 2014) (holding evidence insufficient where there was only a letter to the state bar that was never investigated alleging fee splitting and conflicts of interest). Similarly, the government cannot prove that Huawei Device implemented the bonus policy; indeed, the Indictment acknowledges that Huawei USA's Director of Human Resources responded to the proposal in an email stating that "such behavior is expressly prohibited by [Huawei USA's] company policies." Ind. ¶ 48. Although the Indictment alleges that "the email did not state that the bonus program had been suspended by Huawei China," that is a far cry from showing that the other acts were committed as required by 404(b). *Benzer*, 2014 WL 6747151 at *4.

### 2. The evidence is not relevant to a material issue in the case.

Second, the evidence is not relevant to a material issue in this case. The stated purpose of the allegations in paragraph 38 of the Indictment is to show Huawei Device was "concerned" about negative publicity, an issue wholly unrelated to the charged conduct that is not an element of any charge. Ind. ¶ 38. Unproven allegations in prior civil suits and a House report bear no relationship to the alleged incidents in the T-Mobile lab or the investigation that followed. *See Ghahremani v. Borders Grp., Inc.*, No. 10-CV-1248-BEN-RBB, 2010 WL 4008506, at *3 (S.D. Cal. Oct. 6, 2010) (news article and blog post were immaterial because they "have no possible

---

7 (citing Ex. A at 2).

DEFENDANTS' MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 6

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

bearing on the controversy between the parties."). Further, allegations or evidence of civil suits settled without admission of liability have "no tendency whatsoever to make the existence of any fact of consequence to the government's case in chief more or less probable" than it would be without such evidence. *United States v. Hall*, 653 F.2d 1002, 1006 (5th Cir. 1981); *see also United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992); *United States v. Click*, 807 F.2d 847, 850 (9th Cir. 1987).

Likewise, the bonus memorandum is not relevant to any material issue. The government does not allege that this proposed policy motivated or impacted the charged conduct. Instead, this evidence would improperly imply that Huawei Device had a propensity for misappropriating proprietary information and technology and even incentivized this improper behavior. While the government claims it is attempting to demonstrate motive with this evidence, it in fact seeks to show Huawei Device had a propensity towards stealing proprietary information. It purports to do so with no evidence that any of the Huawei Device employees whose conduct is at issue ever knew about, much less was motivated by, any such bonus memorandum. If introduced, the evidence would undoubtedly cause the jury to assume improperly that these allegations make it more likely that Huawei Device committed the charged theft of trade secrets.

### 3. The evidence is too remote in time to the charged conduct.

Third, the allegations of the old civil lawsuits and House report occurred between one and ten years ago and are "too remote in time" to the conduct charged to be admissible. *See DeSalvo*, 41 F.3d at 509 (citing *Ayers*, 924 F.2d at 1473); *United States v. Flett*, 379 F. Supp. 3d 1152, 1152 (E.D. Wash. 2019) (holding prior conduct six to nineteen years ago was too remote). The circulation of the bonus memorandum, while occurring closer in time to the alleged incidents in T-Mobile's lab, allegedly occurred *after* the relevant conduct and is therefore entirely unrelated to the charges.

DEFENDANTS' MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL
EVIDENCE AT TRIAL
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 7

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

### 4. The evidence is not sufficiently similar to show intent.

Finally, the other acts evidence is not sufficiently similar under Rule 404(b) to show intent. As discussed above, the civil lawsuits involved different parties and events long before the charged conduct involving different factual circumstances. Likewise, the House report is focused on irrelevant national security issues unrelated to the alleged thefts in T-Mobile's lab. Similarly, the policy outlined in the bonus memorandum potentially rewarding employees for acquiring "confidential" information bears little resemblance to the incidents in the T-Mobile lab, which involve no allegation of bonus incentives from the company.

Thus, the evidence necessary to prove the allegations in paragraphs 38, 47 and 48 of the Indictment fails to satisfy any of the prerequisites for admissibility of extrinsic evidence. *Desalvo*, 41 F. 3d at 509. Accordingly, the evidence would serve only to influence the jury to infer propensity and cannot be admitted under Rule 404(b). If the jury hears evidence that Huawei Device may have misappropriated the intellectual property of other companies and "'may be violating United States laws'" through "'very serious allegations of illegal behavior,'" Ind. ¶ 38, it would improperly conclude that Huawei Device does not abide by the law and should be punished. This is the sort of propensity evidence squarely barred by Rule 404(b). *See Huddleston*, 485 U.S. at 686; *DeSalvo*, 41 F.3d at 509. Worse yet, the jury may conclude that Huawei Device should be punished for the activity alleged in the civil complaints and House report even though it has never been proven responsible for any of that alleged misconduct. *See Sumlin*, 489 F. 3d at 689.

### 5. Judge Jones excluded much of the same evidence under Rule 404(b) in T-Mobile's civil case against Huawei Device.

The inadmissibility of this evidence has already been confirmed by an evidentiary ruling in T-Mobile's prior civil litigation against Huawei Device for these same alleged thefts of trade secrets. In that case, T-Mobile sought to admit the same evidence challenged here regarding the

DEFENDANTS' MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL

*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 8

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

House report and the earlier trade secrets misappropriation lawsuit by Cisco against Huawei Device (T-Mobile did not seek to admit evidence of the Motorola lawsuit). Judge Jones excluded the evidence from trial, holding that "T-Mobile makes no effort to establish what purpose these materials would serve other than to impugn Huawei USA's character in violation of Rule 404." *T-Mobile USA, Inc. v. Huawei Device USA, Inc., et al.*, No. C14-1351-RAJ (W.D. Wa.), ECF 408-1, Order at 15. Judge Jones had it exactly right: evidence about the House report and the old civil lawsuits would serve no purpose other than to impugn Huawei Device's character and improperly suggest its propensity to engage in wrongdoing. The evidence should be excluded pursuant to Rule 404(b).

### III. The Allegations Fail Rule 403's Balancing Test.

Even if, *arguendo*, evidence of the allegations at issue either satisfied Rule 404(b), or is deemed relevant under Rule 401, it should still be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, and the evidence would lead to a confusion of the issues, mislead the jury, and cause undue delay. *Boyd v. City & Cty. of San Francisco*, 576 F.3d 938, 947 (9th Cir. 2009) (citing Fed. R. Evid. 403); *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003).

For purposes of Rule 403, "[t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180; *Go-Video, Inc.*, 977 F.2d at 588. Additionally, courts have excluded evidence when it is highly likely that such evidence will create a "mini-trial" that detracts from the real issues in the case. *United States v. Alvarez*, 580 F. App'x 571, 573 (9th Cir. 2014); *United States v. Thinn*, 489 F. App'x 195, 196 (9th Cir. 2012) ("The district court properly balanced the probative and prejudicial nature of the testimony and prevented a mini-trial on issues collateral to the case.").

DEFENDANTS' MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 9

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

The allegations relating to the House report in paragraph 38 contain highly prejudicial uncharged conduct referencing "a potential threat to national security." Particularly given current events and the ongoing "trade war" with China, evidence suggesting that Huawei Device is a national security threat illegally violating U.S. laws will invite the jury to convict for improper reasons not related to evidence of the charged offenses. The nature of the allegations in the 2010 and 2003 lawsuits are also highly prejudicial because they suggest Huawei Device is a "repeat offender" with a history of stealing trade secrets. Similarly, introduction of the bonus memorandum to show that Huawei Device "rewarded employees who stole confidential information from competitors," Ind. ¶ 48, would be highly prejudicial because it would insinuate that Huawei Device had a corporate policy to commit crimes similar to those charged in the Indictment.

Exclusion of this evidence is also necessary to avoid the lengthy "trials-within-a-trial" that would be required for Huawei Device to rebut the irrelevant allegations. Though not relevant to the charges, Huawei Device would be forced to mount a vigorous and time-consuming defense to prove that it (a) is not a national security threat engaged in unlawful behavior, (b) did not misappropriate any technology from Motorola or Cisco, and (c) never instituted the bonus program or intended to incentivize employees to violate the law. Requiring Huawei Device to introduce evidence and witnesses wholly unrelated to this matter would needlessly prolong the trial and could easily dwarf the real issues related to T-Mobile in this case. Such a spectacle would be entirely unnecessary and inappropriate. To the extent these allegations are even remotely relevant, their minimal probative value would be far outweighed by the undue delay and the prejudice that would result from its admission.

DEFENDANTS' MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 10

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

# CONCLUSION

All of the reasons set forth above demand that the Court grant this motion. The Court should preclude the government from introducing evidence at trial regarding the allegations in paragraphs 38, 47 and 48 of the Indictment.

Dated: August 1, 2019

Respectfully submitted,

**YARMUTH LLP**

By: *s/ Robert Westinghouse*
Robert Westinghouse, WSBA No. 6484
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Telephone: (206) 516-3800
Fax: (206) 516-3888
rwestinghouse@yarmuth.com

**STEPTOE & JOHNSON LLP**

James F. Hibey (*pro hac vice*)
Brian M. Heberlig (*pro hac vice*)
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
jhibey@steptoe.com
bheberlig@steptoe.com

*Attorneys for Defendants Huawei Device Co., Ltd., and Huawei Device USA, Inc.*

DEFENDANTS' MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 11

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

# CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for the Government**

Todd Greenberg
Thomas M. Woods
Siddharth Velamoor
U.S. Attorney's Office (Sea)
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Tel: 206.553.7970
Todd.Greenberg4@usdoj.gov
Thomas.Woods2@usdoj.gov
Siddharth.Velamoor@usdoj.gov

DATED:  August 1, 2019, at Seattle, Washington.

*s/ Vassie Skoulis*
Vassie Skoulis, Legal Assistant

DEFENDANTS' MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 12

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888