Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HUAWEI DEVICE CO., LTD., and<br>HUAWEI DEVICE USA, INC.,<br><br>*Defendants.* | No. 19-CR-010<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE INDICTMENT FOR SELECTIVE PROSECUTION, OR IN THE ALTERNATIVE, FOR DISCOVERY**<br><br>NOTE ON MOTION CALENDAR: August 30, 2019<br><br>***ORAL ARGUMENT SCHEDULED FOR OCTOBER 7, 2019*** |

## INTRODUCTION

The government does not dispute the evidence presented by Huawei Device that it has disproportionately prosecuted Chinese individuals and entities. Specifically, the government does not deny that, as of December 2018, "[m]ore than 90 percent of the [DOJ's] cases alleging economic espionage over the past seven years involve China. More than two-thirds of the Department's cases involving thefts of trade secrets are connected to China." Dkt. 57 ("Mot.") at 8. Instead, the government doubles down on its anti-China prejudice, relying, in circular fashion, on a politically motivated House Committee investigation to justify the Indictment. But this is precisely the point—political bias against China prompted the Department of Justice to prosecute this case even though the underlying factors did not support it. Huawei Device showed that the government would not have (and never has) brought charges against a similarly situated non-Chinese defendant. The government fails to dispute that point, or to identify a single contrary

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR SELECTIVE PROSECUTION, OR IN THE ALTERNATIVE, FOR DISCOVERY
*United States v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 1

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

example. The Indictment should be dismissed. Failing that, Huawei Device is entitled to discovery to determine how, in the government's telling, a political congressional investigation morphed into an unconstitutional selective prosecution.

## ARGUMENT

### I.   The Government's Alleged Background Facts are Irrelevant.

The government points to three alleged background facts to justify singling out Huawei Device for selective prosecution: (1) a House Committee investigation from 2011; (2) a "bonus program" allegedly instituted by certain Huawei entities, which the government admits was *promptly rejected as* "prohibited by Huawei Device USA's corporate policies"; and (3) two previous suits against a "Huawei entity" for alleged violation of trade secrets, both of which resulted in settlement years ago without a legal determination of wrongdoing. Opp'n Mot. to Dismiss for Selective Prosecution, Dkt. 63 ("Opp'n") at 2-6. These pretexts, far from justifying the Indictment, demonstrate that the decision to indict was grounded in bias.

First, the investigation the government relies upon is wholly irrelevant because it was a political, not judicial, proceeding involving Huawei Technologies Co., Ltd. ("Huawei"), which is not a defendant here. The Committee afforded Huawei no due process to present a defense or right to confront its accusers. For these reasons, courts have held that Committee reports are not reliable evidence. *See Anderson v. City of New York*, 657 F. Supp. 1571, 1579–80 (S.D.N.Y. 1987) (declining to enter into evidence a report that was "the result of hearings which lack procedural due process protections, because the Report articulates findings based upon a dubious, highly charged process of essentially 'interviewing' interested parties" and thus "lacks the ordinary indicia[] of reliability"); *Knight Publ'g Co. v. U.S. Dep't. of Justice*, 631 F. Supp. 1175, 1178 (W.D.N.C. 1986) ("This 'circus' is hardly conducive to the development of facts, but more to entertainment of the television audience. The Court does not look to the reports of such activities as productive of any facts which would persuade the Court.")[1]

---

[1] In fact, the House Committee Report was excluded from the civil trial between Huawei Device and T-Mobile under Federal Rule of Evidence 404(b). *T-Mobile USA, Inc. v. Huawei Device USA, Inc., et al.*, No. 14-1351-RAJ (W.D. Wa. Apr. 14, 2017), ECF 408-1, Order at 15.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR SELECTIVE PROSECUTION, OR IN THE ALTERNATIVE, FOR DISCOVERY
*United States v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 2

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

Thus, the government grossly overreaches when it incorrectly asserts that the House investigation "uncovered evidence" of illegal conduct by Huawei. Opp'n at 4. Based almost entirely on the tendentious, political, and *obviously inadmissible*[2] House Committee report, the government strains mightily to portray Huawei as having "flagrant disregard for the law" (*id.* at 10) and as a "recidivist thief of intellectual property" (*id.* at 15). Yet, no Huawei entity has *ever* before been prosecuted, let alone convicted, for *any* U.S. criminal offense. In fact, the report itself stated that it could "not prove wrongdoing" by Huawei.[3] Reaching further, the government cites the report as evidence of Huawei Device USA's "ties to the Chinese government." Opp'n at 3. But, even if true, that is not a crime. The report shows precisely that Huawei Device's *Chinese identity*, not any alleged crime, has triggered this prosecution.[4]

Second, the government relies on a supposed "bonus program" to incentivize employees to steal confidential data. Opp'n at 4. But as the government concedes, an executive at Huawei Device USA rejected the policy. *Id.* The government offers no facts that the bonus program was ever implemented in the United States or connected to any trade secret theft. Such a bald accusation cannot justify this aggressive prosecution.

Third, the government bizarrely asserts that this prosecution is justified because a Huawei entity has twice been named as a defendant in civil trade secret litigation in the past *sixteen years*. Opp'n at 6. This argument strains belief. As the government concedes, both cases settled without any finding of wrongdoing. It is thus a mystery how the government can assert, on the basis of mere unproven allegations in civil complaints, that they produced "compelling evidence" of wrongdoing. *Id.*[5] Allegations of trade secret theft are ubiquitous against successful

---

[2] *Id.*; *see also* Defendants' Motion to Exclude Irrelevant and Prejudicial Evidence at Trial, Dkt. 57.

[3] House Permanent Select Committee on Intelligence, *Investigative Report on the U.S. National Security Issues Posed by Chinese Telecommunication Companies Huawei and ZTE*, 112th Cong., 2d. Sess. (Oct. 8, 2012), at vi.

[4] *Id.* at 8 ("The Committee focused on those companies with the strongest potential Chinese ties. . . . Both Huawei and ZTE are indigenous Chinese firms, with histories that include connections to the Chinese government. . . . [T]he Committee focused on both Huawei and ZTE.").

[5] The district court in the civil case likewise excluded all evidence of prior lawsuits against Huawei under Rule 404(b). *See supra* n1.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR SELECTIVE PROSECUTION, OR IN THE ALTERNATIVE, FOR DISCOVERY
*United States v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 3

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

innovators, and the government does not contend that the Department of Justice's policy is to criminally prosecute entities that have been accused of trade secret theft multiple times in different decades—especially where there has been no finding of liability.[6]  It is preposterous for the government to imply that mere civil allegations could justify a criminal prosecution.  The Court should disregard the government's desperate post-hoc rationalizations.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000) (An "explanation . . . unworthy of credence is . . . probative of intentional discrimination, and it may be quite persuasive.").

The government also relies on the alleged conduct in this case to justify prosecution—conduct that led a civil jury to award zero dollars in damages on T-Mobile's trade secret misappropriation claim.[7]  Opp'n at 6-7.  The government improperly previews its criminal case and mischaracterizes basic facts.  T-Mobile and Huawei Device entered into an agreement to allow Huawei Device's engineers access to T-Mobile's "Tappy" machine and other allegedly confidential information so that Huawei Device could better align its testing processes with those of T-Mobile.  Far from breaking in and stealing T-Mobile's trade secrets, Huawei Device was invited into its lab to help test its technology.  As the civil jury found by a preponderance of the evidence, nothing about Huawei Device's conduct was willful or malicious.  The government's contrary assertions are a futile effort to rewrite history and to justify discrimination.

## II.   Huawei Device is the Target of Selective Prosecution.

### A.   Huawei Device Proved that Similar Defendants Have Not Been Prosecuted.

The government contends that Huawei Device is "literally in a class by itself."  Opp'n at 10.  But the very House Committee Report the government relies upon demonstrates that it was concerned with Chinese telecommunications firms in general, not just Huawei.  Moreover, the government regularly conflates Chinese companies with the Chinese government, suggesting

---

[6] The government goes even further afield by citing *patent litigation* against various Huawei entities.  Opp'n at 5 n.1.  But successful innovators frequently face patent litigation that does not involve allegations of theft, let alone allegations of criminal conduct.

[7] The government quibbles with the jury's verdict in the civil case, Opp'n at 9-10 & n.33, arguing that the jury awarded $4.8 million in damages for T-Mobile's breach of contract claim.  But, aside from being a separate claim, this damages amount is dwarfed by the examples Huawei Device cited.  *See* Mot. at 11.  The government's tortured parsing of the civil verdict of no willful conduct strains credulity and does not alter the jury's findings.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR SELECTIVE PROSECUTION, OR IN THE ALTERNATIVE, FOR DISCOVERY
*United States v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 4

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

that any Chinese company poses a "unique risk." *Id.* at 15 (conceding that "the Department of Justice is prioritizing *Chinese economic espionage cases*, and taking other steps to minimize the threat posed *by the Chinese government*.") (emphasis added).  And as Huawei Device demonstrated in its motion, the government has selectively prosecuted a large number of criminal cases against an expansive class of Chinese defendants.  Mot. at 7-10.  Far from being unique, Huawei Device is simply the latest in a long line of selectively prosecuted Chinese defendants.  The government has failed to rebut these facts.

In addition, the government fails to acknowledge that it is unprecedented for a defendant to be prosecuted for trade secret theft following an express finding of no willfulness by a civil jury.  In its motion, Huawei presented a Lex Machina report identifying all known civil trade secret theft cases in the past decade that went to trial, and where the jury found no willful and malicious conduct as to at least some defendants.  Many of these cases generated damages awards far greater than the zero damages awarded to T-Mobile.  In no case, other than the present one, was a defendant later criminally prosecuted, even where some defendants were found to have committed willful and malicious conduct.  Mot. at 11.  The government simply ignores this evidence that similarly situated, non-Chinese companies have not been prosecuted.

Huawei Device also highlighted three exemplary cases in which plaintiffs were awarded tens, and even hundreds, of millions of dollars as damages for trade secret theft; yet, the government did not prosecute any of the non-Chinese defendants.  *Id.*  The government complains that some of the facts in those cases are unavailable, but it does not in any way confront the distinction between those cases and the T-Mobile litigation, where the jury awarded minimal damages for breach of contract, and zero dollars for trade secret theft.  Tellingly, the government presents not a single counterexample of a similarly situated defendant who has been prosecuted.  The government has failed to answer Huawei Device USA's compelling showing that similarly situated non-Chinese defendants are not prosecuted.

### B. The Prosecution is Unconstitutionally Motivated by Nationality.

Unable to rebut the stark statistical disparities showing overt bias against Chinese defendants, the government next attempts to justify its selective prosecution by arguing that "the

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR SELECTIVE PROSECUTION, OR IN THE ALTERNATIVE, FOR DISCOVERY
*United States v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 5

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

Chinese government is engaged in a widespread campaign of intellectual property theft against the United States." Opp'n at 15. [8] The government offers no evidence for such a bald allegation other than the "concerns" listed in the House Committee Report. *Id.* Regardless, such an argument is fatally overbroad. Concerns over a foreign government cannot justify discrimination against its citizens. In no other context would a court accept the notion that, because a defendant is of a certain nationality, it may be presumed to be breaking the law.[9]

### III. At the Very Least, the Court Should Grant Additional Discovery.

Huawei Device has plainly made a "credible showing" sufficient to trigger discovery. The government responds merely that there is a "rigorous" standard and that Huawei Device's requests are "overbroad" because it seeks documents beyond the Department of Justice. Opp'n at 18. But by relying so heavily on the 2011 House Committee investigation as a basis for the prosecution in this case, the government itself has put that document, and all similar material, at issue. As the government concedes, the decision to prosecute Huawei Device involved both Congress and the Executive branch, including the Departments of State, Commerce, and Justice. Opp'n at 16 (admitting that the prosecution was the result of "the collective judgment of Congress and the Executive about the risks posed by the Chinese government").[10] Huawei Device has provided ample evidence that similarly situated non-Chinese defendants have not been prosecuted, and that the government was improperly motivated by Huawei Device's Chinese nationality. If the government possesses evidence to the contrary, it should be compelled to produce it along with the other information requested by Huawei Device.

---

[8] The government argues that the China Initiative cannot constitute evidence of selective prosecution because it followed the government's informal decision to seek an indictment against Huawei Device. Opp'n at 16. Regardless, as Huawei Device stated, the China Initiative was simply the formal ramp-up of anti-Chinese policies that had persisted for years. Mot. at 8-9.

[9] The government cites an order in *United States v. Concord Management & Consulting LLC*, 18-CR-32 (Oct. 16, 2018) (Gov't Ex. D), but that case involved a special prosecutor tasked to investigate a specific allegation—Russian interference into the 2016 presidential election. The government here is prosecuting Chinese defendants for an open-ended array of alleged offenses based on vague concerns about the "Chinese government."

[10] The Indictment here was plainly not the "independent decision" of the U.S. Attorney's Office, as claimed in the government's opposition, Opp'n at 17, but rather was the result of a coordinated, multi-pronged offensive against Huawei orchestrated at the highest levels of the U.S. government, all of whom appeared together at a press conference to announce Huawei's indictment in two different districts on the same day.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR SELECTIVE PROSECUTION, OR IN THE ALTERNATIVE, FOR DISCOVERY
*United States v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 6

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

# CONCLUSION

For these foregoing reasons and those stated in its previous motion, Huawei Device respectfully requests that the Court dismiss the Indictment, or, in the alternative, grant its requested discovery.

Dated:  August 30, 2019

Respectfully submitted,

**YARMUTH LLP**

By: *s/ Robert Westinghouse*
Robert Westinghouse, WSBA No. 6484
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Telephone: (206) 516-3800
Fax: (206) 516-3888
rwestinghouse@yarmuth.com

**STEPTOE & JOHNSON LLP**

James F. Hibey (*pro hac vice*)
Brian M. Heberlig (*pro hac vice*)
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
jhibey@steptoe.com
bheberlig@steptoe.com

*Attorneys for Defendants Huawei Device Co., Ltd., and Huawei Device USA, Inc.*

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR SELECTIVE PROSECUTION, OR IN THE ALTERNATIVE, FOR DISCOVERY
*United States v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 7

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

# CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Government**

Todd Greenberg
Thomas M. Woods
Siddharth Velamoor
U.S. Attorney's Office (Sea)
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Tel: 206.553.7970
Todd.Greenberg4@usdoj.gov
Thomas.woods2@usdoj.gov
Siddharth.Velamoor@usdoj.gov

DATED:  August 30, 2019, at Seattle, Washington.

*s/ Vassie Skoulis*
Vassie Skoulis, Legal Assistant

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR SELECTIVE PROSECUTION, OR IN THE ALTERNATIVE, FOR DISCOVERY
*United States v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 8

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888